**In the Interest of A.H., Minor.**

**No. ED 78075.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 2001.

Thomas J. Ray, City Counselor, Maribeth McMahon, Associate City Counselor, St. Louis, MO, for appellant.

Margaret E. Gangle, St. Louis, MO, for respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Appellant, the child's natural mother ("appellant"), appeals from the judgment of the Circuit Court of the City of St. Louis, denying appellant custody of her minor child, A.H., pursuant to section 211.183 RSMo (Supp.) 1998.[1] We affirm.

On February 6, 2000, appellant took A.H. (born July 14, 1998) to the emergency room at Alexian Brothers Hospital, where he was diagnosed with a fractured left femur. The emergency room attending physician, suspecting A.H.'s injury was not accidental, called the Division of Family Services ("DFS"). A.H. was then transferred to St. Louis Children's Hospital for surgery and was taken into DFS protective custody.

A protective custody hearing was held on February 9, 2000. The petition for custody alleged that A.H. suffered a broken femur "which was not accidental, nor self-inflicted" and that appellant was not able to offer "an explanation consistent with the injury." The court then took custody of A.H. and set the case for an adjudication hearing on February 28, 2000.

At the adjudication hearing, A.H.'s medical records from Alexian Brothers Hospital dated February 6, 2000 were admitted into evidence. The medical records showed that A.H.'s injury was sustained when he was dropped approximately four feet onto a concrete ground by appellant's boyfriend. The medical records also showed that A.H. had other bruises in various degrees of healing. Other evidence introduced showed that A.H. required medical attention at St. Anthony's Hospital on March 17, 1999, after falling down a flight of stairs.

The court continued the case until the dispositional hearing on March 29, 2000. At the dispositional hearing, the Guardian ad litem and the Deputy Juvenile Officer recommended that no reasonable efforts be made to reunify A.H. with appellant. The court then made an oral finding that A.H. had been subjected to a severe act of physical abuse, and consequently, pursuant to section 211.183, a determination of reasonable efforts to reunify A.H. with appellant would not be required. The court's dispositional order stated that no reasonable efforts were required because A.H. "was removed from the home on an emergency basis."

■ The review of juvenile proceedings is analogous to review of court-tried cases. *In the Interest of T.B.*, 936 S.W.2d 913, 914 (Mo.App. W.D.1997). The trial court's order is sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Appellate courts defer to the trial court on issues of fact and the credibility of witnesses. *Id.*

■ Appellant raises two points on appeal. In her first point, appellant argues the trial court erred in failing to make specific findings in the dispositional order that include a determination of reasonable efforts. Appellant relies on *In the Interest of E.S.*, 851 S.W.2d 676 (Mo.App. W.D. 1993). We disagree.

Section 211.183 governs the order of disposition and requires the juvenile court's order to "include a determination of whether the division of family services has made reasonable efforts to prevent or eliminate the need for removal of the child, and after removal, to make it possible for the child to return home." Section 211.183

1. All statutory references are to RSMo (Supp.) 1998.

.1. Reasonable efforts are not required if the child was removed on an emergency basis. *Id.* The statute, as amended in 1998, further provides an exception that reasonable efforts are not required if the trial court determines that "the parent has subjected the child to a severe act or recurrent acts of physical, emotional, or sexual abuse toward the child." Section 211.183.7.

Appellant's reliance on *In the Interest of E.S.*, 851 S.W.2d 676 (Mo.App. W.D.1993) is misplaced. In *In the Interest of E.S.*, the court held that the juvenile court must follow all the requirements of section 211.183, even when the child was removed on an emergency basis. *In the Interest of E.S.*, however, was decided before the 1998 amendment to section 211.183. Under the current amendment, reasonable efforts are not required if the trial court determines that the parent has subjected the child to a severe act or recurrent acts of physical abuse toward the child.

At the dispositional hearing on March 29, 2000, the court made an oral finding that A.H. had been subjected to a severe act of physical abuse. The court's dispositional order stated "the Court finds that reasonable efforts were not necessary prior to removal of the child, as the juvenile was removed from the home on an emergency basis, as the child's safety in the home could not be insured." The trial court did not err because it made a specific finding, consistent with section 211.183, that reasonable efforts were not required, as A.H. was subjected to a severe act of physical abuse. Point denied.

■ In her second point, appellant argues the trial court erred in finding clear, cogent, and convincing evidence to support a finding of no reasonable efforts. Appellant alleges that insufficient evidence was presented in both the adjudication and disposition hearings which failed to support a finding that no reasonable efforts were required to reunify the minor child with the mother.

Section 211.183.7 provides that no reasonable efforts are required if the trial court determines that the parent has subjected a child to a severe act or recurrent acts of physical abuse. In this case, A.H.'s medical records from Alexian Brothers Hospital showed that A.H.'s injury was sustained when he was dropped approximately four feet onto a concrete ground by appellant's boyfriend. A.H. was diagnosed with a fractured left femur. A.H. was in the custody of appellant at the time of the injury. Appellant, when interviewed after the incident, could not adequately explain how the injury occurred. Appellant did not testify and she did not present evidence at the adjudication hearing. Moreover, the medical records also showed that A.H. had other bruises in various degrees of healing and other evidence introduced showed that A.H. required medical attention at St. Anthony's Hospital on March 17, 1999 after falling down a flight of stairs. The trial court after reviewing the evidence before it determined that A.H. was subjected to a severe act of physical abuse. We find that the trial court's determination was supported by competent and substantial evidence.

Based on the foregoing, we affirm the judgment of the trial court.

LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER III, J., concur.