58 S.W.3d 575 (2001)
In the Interest of J.B.
No. ED 78372.
Missouri Court of Appeals, Eastern District, Division Four.
August 7, 2001.
Motion for Rehearing and/or Transfer Denied October 4, 2001.
Application for Transfer Denied November 20, 2001.
*577 Scott A. Woodruff, David E. Gordon, Purcellville, VA, for appellants.
Nancy L. Sido, Clayton, MO, for respondent.
Rene E. Lusser, St. Louis, MO, Guardian Ad Litem.
Motion for Rehearing and/or Transfer to Supreme Court Denied October 4, 2001.
MOONEY, Presiding Judge.
Parents, John and Mary Brown, of minor child J.B. ("Child") appeal from the trial court's judgment taking jurisdiction of Child due to Parents' educational neglect under Section 211.031.1(1)(a) RSMo. (2000).[1] Parents argue the trial court erred in (1) applying the compulsory attendance law to a six-year-old child; (2) restricting evidence of instruction to ten months rather than twelve months; (3) taking jurisdiction over past neglect because the statute under which the petition was filed only confers jurisdiction over present neglect; (4) refusing to dismiss the petition pursuant to Section 210.167, because the petition alleges violations of the compulsory attendance law based on truancy alone, entitling Parents to the rights and protection of a criminal prosecution; and (5) excluding evidence of present compliance with the homeschool statute. We affirm.

Facts
We state the facts in the light most favorable to the trial court's order. In Interest of R.G., 885 S.W.2d 757, 759 (Mo. App. E.D.1994). The Juvenile Officer ("Officer") filed a petition to take jurisdiction of Child alleging that Parents neglected or refused to provide education during the 1998-1999 school term because Parents failed to enroll Child, who was subject to compulsory school attendance, in school or provide a program of homeschool academic instruction. At the hearing before the commissioner, Officer's only witness was Child's mother, and she testified that Child had been homeschooled since his birth on August 10, 1991. She further stated that she began keeping written records *578 of Child's homeschooling on September 1, 1998, after Child had turned seven. However, Child's mother admitted she failed to keep records showing 1000 hours of instruction between July 1, 1998 and June 30, 1999, detailing Child's progress or demonstrating Child's work and evaluations.
Parents' expert witness, psychologist Dr. Steven Duvall, testified that he believed Child was autistic or nearly autistic. He stated that he did not hear Child talk during the five hours he spent with Child who was then 8½ years old. Dr. Duvall also testified that Child's mother believed Child was simply a late talker and that she had joined a support group for families of late talkers.
The commissioner found that Parents failed to keep a portfolio of samples of Child's academic work and a record of evaluations of Child's academic progress as required by Section 167.031.2(2)(a)b. and c, and they did not provide 1000 hours of instruction during the 1998-1999 school term mandated by Section 167.031.2(2)(b). Based on those findings, the commissioner entered an order taking jurisdiction over Child, continuing Child's custody with Parents subject to supervision by the Division of Family Services, ordering Child to be evaluated by a licensed psychiatrist, and ordering Child to be evaluated to determine his educational needs. The trial court adopted the commissioner's findings and recommendations and denied Parents' motion for rehearing. Parents filed this timely appeal.

Analysis
We review proceedings of a petition for neglect similar to court-tried civil cases. See In Interest of R.G., 885 S.W.2d at 763. The trial court's order is the judgment from which this appeal is taken. On review, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id., citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Furthermore, we defer to the trial court on issues of fact and the credibility of witnesses. In the Interest of R.G., 885 S.W.2d at 763. As to jurisdiction under section 211.031.1(1)(a), the court must find clear and convincing evidence that the child is in need of education which has arisen because parents neglected to provide the education necessary for the child's well-being. See In the Interest of E.S., 851 S.W.2d 676, 681 (Mo.App. W.D.1993). In reviewing the sufficiency of the evidence, we consider the evidence and all reasonable inferences which might be drawn therefrom in the light most favorable to the trial court's judgment. See In the Interest of L.J.M.S., 844 S.W.2d 86, 91 (Mo.App. E.D.1992).
In interpreting the statutes at issue here, we ascertain the intent of the legislature from the language used and give effect to that intent if possible. Budding v. SSM Healthcare System, 19 S.W.3d 678, 680 (Mo. banc 2000). Further, words used in the statute will be given their plain and ordinary meaning. L.C. Development Co., Inc. v. Lincoln County, 26 S.W.3d 336, 340 (Mo.App. E.D.2000). However, we will not construe a statute so as to work an unreasonable, oppressive, or absurd result. Christian Disposal, Inc. v. Village of Eolia, 895 S.W.2d 632, 634 (Mo. App. E.D.1995). We construe the provisions of a legislative act together and if reasonably possible, all provisions must be harmonized. St. Louis County v. B.A.P., Inc., 25 S.W.3d 629, 630 (Mo.App. E.D. 2000). Additionally, related clauses are to be considered when construing a particular portion of a statute. Marre v. Reed, 775 S.W.2d 951, 953 (Mo. banc 1989).
*579 Parents' first point alleges that the trial court erred in applying the compulsory attendance law to a six-year-old. Specifically, Parents contend that because Child was not seven on July 1, 1998,[2] they were not required to comply with the homeschool record-keeping and instructional requirements.
Parents incorrectly argue that the compulsory attendance requirement is tied to the definition of the "school year." The compulsory attendance statute requires that a child between the ages of seven and sixteen be enrolled in some type of school, and that the child must regularly attend "not less than the entire school term of the school which the child attends" (emphasis added). Section 167.031.1. Although "school term" is statutorily defined,[3] the definition is not applicable in the homeschool context; therefore, we ascertain the plain and ordinary meaning of the phrase. "Term" is defined as "one of several divisions of the year in a school ....representing a continuous period during which instruction is regularly given to students." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2358 (1967). We hold that, in the context of a homeschool, a "school term" is a period not greater than twelve months during which instruction is regularly given to students.
Here, the petition to take jurisdiction of Child alleged educational neglect during the 1998-1999 school term. The trial court found the homeschool term began on September 1, 1998, and ended on June 30, 1999. For that school term, there was evidence of educational neglect before the trial court, in that Parents failed to administer the required hours of instruction or to keep proper records of Child's work and progress. We find that although Child was only six on July 1, 1998, he was subject to the compulsory attendance law because, having turned seven on August 10, 1998, he was a seven year-old throughout the 1998-1999 school term that began on September 1st. We also note that Parents treated Child as one who was required to attend school. They provided regular instruction, and as of September 1, 1998, kept a logbook of the number of hours and topics of instruction as required by the homeschool statute. Therefore, the trial court did not err in applying the compulsory attendance law to Child. Point denied.
In their second point, Parents claim that the trial court erred in restricting evidence of instruction to ten months rather than twelve months. Specifically, Parents argue that they should be allowed twelve months from the beginning of the homeschool term to fulfill the instructional requirements. We agree.
Child's mother testified that Child received a total of 140 hours of instruction during July and August 1999. But, the trial court excluded this evidence because the court found it occurred after the school year ended on June 30, 1999. Again, the compulsory attendance law is not tied to the definition of the "school year," but rather the "school term." Section 167.031.1. The court erred in excluding evidence of compliance with the instructional requirement for July and *580 August 1999. In the homeschool setting, there is no logical reason to hold that the school term is restricted to a single school year. Child's mother testified that homeschool instruction had been continuous since Child's birth although she did not begin keeping records until September 1, 1998. Furthermore, Child's mother testified that since she began homeschooling Child, the school term began on September 1st and ended on August 31st. Moreover, the legislature allows other schools to have school terms that embrace one or more school years. See Section 160.011(8). This error, however, is immaterial because there is neither an allegation of error nor evidence in the record on appeal[4] that, had this evidence been admitted, Parents would have met the threshold requirement of 1000 hours of instruction during the 1998-1999 school term. We will not reverse a judgment when, upon consideration of admissible evidence that was rejected by the trial court and preserved, the trial court's error did not materially affect the merits of the action. Rule 84.13(b); Rule 84.13(d)(3). Point two is denied.
In their third point, Parents argue that the trial court did not have jurisdiction because the allegations of neglect were in the past and the statute under which the petition was filed only confers jurisdiction over present neglect.
The trial court has exclusive original jurisdiction over proceedings involving a child alleged to be in need of care or treatment because the parents neglect or refuse to provide education which is required by law. Section 211.031.1(1)(a). Parents however, argue that because the statute used the present-tense word "neglect," the trial court has no jurisdiction in this case, which only alleges past neglect. Parents' argument is nonsensical. Of necessity, allegations of neglect are based on past actions. To rule otherwise would render the statute meaningless and void the family court's jurisdiction. Because we assume the legislature did not intend a meaningless act when enacting this statute, we find the trial court had proper jurisdiction over the proceedings involving Child. See KV Pharmaceutical Co. v. Missouri State Bd. of Pharmacy, 43 S.W.3d 306, 309-310 (Mo. banc 2001) (court found that pharmaceutical company could be disciplined for past conduct under statute phrased in present tense because any other result would be absurd). Point three is denied.
Parents' fourth point alleges the trial court erred in taking jurisdiction over the proceedings involving Child because the petition was based solely on a claim of truancy, and therefore the matter should have been referred to the school district who would alert the local prosecutor according to Section 210.167.[5]
This statute does not divest a trial court of jurisdiction to hear a petition premised on educational neglect of a child. A petition may be filed to take jurisdiction over a child who fails to attend school because parents are required to provide education to their child by law. Section 211.031.1. The statute Parents cite requires *581 that truancy cases be referred to the school district. "Truancy" is the willful and unjustified failure to attend school by one who is required to attend. BLACK'S LAW DICTIONARY 1513 (7th ed.1999). A child between the ages of seven and sixteen is required to attend school; thus, a child, not the parents, is referred to the school district. Because this is not a truancy case, Section 210.167 does not apply. Therefore, we find the court properly took jurisdiction over the proceedings. Point four is denied.
Parents' final point is that the trial court erred in excluding evidence of Parents' present compliance with the requirements of the homeschool statute.
We give substantial deference to the trial court regarding the admissibility of evidence. In Interest of R.G., 885 S.W.2d at 766. Absent a clear showing of abuse of discretion, we will not interfere with the trial court's ruling. Id.
Parents attempted to introduce evidence of Child's homeschooling for the 1999-2000 school term. They offered a daily log showing that their homeschool has a course of instruction complying with the number of hours and subjects required by statute. But, the trial court excluded this evidence as irrelevant to the allegation of neglect during the 1998-1999 school term. We find no abuse of discretion in excluding evidence of present compliance because the petition in this case asserted educational neglect during the 1998-1999 school term, and therefore evidence of Parents' compliance with the homeschool statute for the 1999-2000 school term was irrelevant to the allegations of the petition. Although the evidence of compliance may have been relevant to the court's disposition of Child, Parents failed to argue that on appeal. Therefore, the trial court did not abuse its discretion in excluding this evidence. Point five is denied.
The freedom parents enjoy to choose their children's manner of education is doubtless sacred. But we hold no less sacrosanct the obligation imposed by the exercise of that liberty. The judgment is affirmed.
PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.
NOTES
[1] All statutory references are to RSMo. (2000) unless otherwise noted.
[2] The school year is defined by statute to begin on July 1st and end on the following June 30th. Section 167.031.4.
[3] "School term" is defined as "a minimum of one hundred seventy-four school days....and one thousand forty-four hours of actual pupil attendance as scheduled by the board ....during a twelve-month period in which the academic instruction of pupils is actually and regularly carried on for a group of students in the public schools of any school district." Section 160.011(8).
[4] The logbook showing the hours of instruction Child received is not part of the record on appeal.
[5] Section 210.167 provides that when an investigation by the division of family services "reveals that the only basis for action involves a question of an alleged violation of 167.031, RSMo, then the local office of the division shall send a report to the school district in which the child resides. The school district shall immediately refer all private, parochial, parish or home school matters to the prosecuting attorney of the county wherein the child legally resides."