Tarek A. **DEIAB** and Pamela Deiab,
Plaintiffs/Respondents,

v.

Harold **SHAW** d/b/a Capstone Builders,
Defendant/Appellant.

No. ED 82890.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 29, 2003.

Michael Edward Myers, Louis Joseph Basso, Basso & Meyers, Chesterfield, MO, for appellant.

John N. Borbonus III, King, Krehbiel, Hellmich, Hentz & Borbonus, St. Louis, MO, for respondents.

SHERRI B. SULLIVAN, Chief Judge.

Harold Shaw d/b/a Capstone Builders (Defendant) appeals from the trial court's judgment and order compelling arbitration pursuant to the motion of Tarek and Pamela Deiab (Plaintiffs). Because we find there is no final, appealable judgment, we dismiss the appeal.

In 2001, the parties entered into a contract for Defendant to build a residence for Plaintiffs. The contract contained an arbitration clause. After a dispute arose, Plaintiffs filed suit against Defendant, alleging breach of contract. Defendant filed an answer to the petition as well as a motion to dismiss. In its motion to dismiss, Defendant argued that the contract in question contained an arbitration clause and that Plaintiffs were required to arbitrate. Defendant also filed against Plaintiffs a counterclaim with two counts, both contending tortious interference with the contract.

Plaintiffs subsequently filed a motion to compel arbitration and stay proceedings. Although Defendant had previously argued that Plaintiffs were compelled to arbitrate under the contract, Defendant filed a response to Plaintiffs' motion to compel arguing that the arbitration clause was not binding and that Plaintiffs had waived any right to arbitrate by filing the lawsuit in question. Plaintiffs also filed a motion to dismiss Count II of Defendant's counterclaim. After argument by the parties, the trial court entered a judgment and order granting Plaintiffs' motion to compel arbitration and stay the proceedings. Subsequently, Defendant filed the present appeal.

Plaintiffs have filed a motion to dismiss Defendant's appeal. Plaintiffs contend that an order or judgment granting a motion to compel arbitration and stay the proceedings is not an appealable order under either Section 512.020 [1] or Section 435.440 (under the Missouri Uniform Arbitration Act).

Section 512.020 provides for appeals from any "final judgment." A "final judgment" is one that disposes of all the parties and all the issues in a particular case. *McClellan v. Barrath Const. Co., Inc.*, 725 S.W.2d 656, 658 (Mo.App. E.D. 1987). Under the Missouri Uniform Arbitration Act, a party may also appeal from the following:

(1) An order denying an application to compel arbitration made under section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of section 435.350 to 435.470.

In its response to Plaintiffs' motion to dismiss, Defendant contends the judgment is appealable under Section 512.020. Defendant argues that the judgment in question is a final judgment resolving all the issues in the case, because the only issue presented to the trial court was whether to mandate arbitration and that no other issues remain pending. We disagree. The initial pleading filed by Plaintiffs sought damages for breach of contract. Defendant also filed a counterclaim with two counts seeking damages for tortious interference. These issues were stayed by the trial court's order, but remain pending in the trial court.

Defendant's reliance upon *Korte Constr. Co. v. Deaconess Manor Ass'n,* 927 S.W.2d 395 (Mo.App. E.D.1996) is misplaced. In that case, we reviewed an order denying a stay of arbitration because it was a final, appealable judgment under Section 512.020. However, in that case, the plaintiff filed a petition in which the only claim asserted was a request to stay arbitration. *Id.* When the court ruled on the request for a stay of arbitration, the court adjudicated all of the issues in the case. *Id.* at 399.

Here, Plaintiffs' breach of contract claim, as well as Defendant's counterclaims, are still pending in the trial court, although stayed. Accordingly, the trial court's order did not resolve all of the issues in the case. Therefore, there is no final, appealable judgment under Section 512.020.

In addition, Section 435.440 does not allow an appeal from an order compelling arbitration. *See McClellan v. Barrath*

*Constr. Co., Inc.,* 725 S.W.2d 656, 658 (Mo. App. E.D.1987).

In its response to Plaintiffs' motion to dismiss, Defendant also raises several issues concerning the validity of the arbitration clause. Because we do not have jurisdiction over this appeal, we cannot address these issues. Defendant may raise the issues later in a proper appeal or an extraordinary writ proceeding.

Accordingly, we grant Plaintiffs' motion to dismiss and dismiss Defendant's appeal.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.