155 S.W.3d 820 (2005)
In the Interest of N.H.
No. ED 84498.
Missouri Court of Appeals, Eastern District, Division Four.
February 1, 2005.
*821 Mary D. Fox, St. Louis, MO, for Appellant.
Margaret E. Gangle, St. Louis, MO, for Respondent.
MARY K. HOFF, Judge.
Rhondalynn Harris (Mother) appeals from the trial court's judgment of disposition placing Mother's minor son, N.H., in the custody of the Missouri Department of Social Services, Children's Division, (Division) after finding, in relevant part, that N.H. had missed 55 out of 99 days of school during the 2003-04 school year, as well as almost half of the days of school during the 2002-03 school year. We affirm the judgment with modification.
In February 2004, the Division filed a petition seeking the care and custody of N.H. due to educational neglect under Section 211.031.1 RSMo 2000.[1] During the adjudication hearing, the trial court received a stipulation in which Mother admitted she "failed to provide [N.H.] with the education required by law." At that hearing, the trial court also took judicial notice of its file, received a copy of N.H's birth certificate, and heard testimony from a Deputy Juvenile Officer (DJO) regarding the inability to locate N.H.'s father.
Prior to hearing testimony at the dispositional hearing, both the DJO and N.H.'s *822 Guardian Ad Litem (GAL) responded "no" to the trial court's inquiry whether they thought "the permanent plan is termination of mother's parental rights." The trial court then heard testimony from a Division Case Manager regarding a child assessment and service plan report (Plan) for N.H., which was also admitted into evidence. In relevant part, the Case Manager stated that N.H. was in a non-relative foster home, attending school, and doing better academically "since he is going to school regularly," and that the Plan included "things that [the Case Manager thought M]other needs to do in order to be reunified with [N.H.]." The GAL also presented a recommendation to the trial court that the Division "retain custody for appropriate placement," with specified services provided for Mother, and that Mother be required to: submit to a psychological evaluation, a parenting assessment, and a psychiatric evaluation, and obtain and maintain adequate housing and regular employment or financial security.
During the dispositional hearing, the trial court remarked it would "not make a finding of no reasonable efforts since there may be a mental health issue, ... [a]nd maybe the mental health issue will convince me that reunification is appropriate," and required the Division "to engage in reasonable efforts to reunify [N.H.] with Mother."
The trial court's judgment of disposition placed legal custody of N.H. with the Division and, in part, specifically required the Division "to engage in reasonable efforts to reunify [N.H.] with Mother." The judgment of disposition also, however, stated in the attached Exhibit 1 that, "[i]n the opinion of the Court, pursuant to Section 211.183.7 RSMo., reasonable efforts by the ... Division for Mother[`s reunification with N.H.] are not required because: ... Mother has subjected [N.H.] to a severe act or recurrent acts of emotional abuse."
In her sole point, Mother urges the finding of the trial court that reasonable efforts by the Division to reunify N.H. and Mother are not required because Mother has subjected N.H. to a severe act or recurrent acts of emotional abuse was not supported by substantial evidence and was against the weight of the evidence.
We review the judgment in this educational neglect proceeding under the standard for court-tried civil cases. In Interest of J.B., 58 S.W.3d 575, 578 (Mo.App. E.D.2001). Therefore, we affirm the judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. We also "defer to the trial court on issues of fact and the credibility of witnesses." Id. Additionally, "[i]n reviewing the sufficiency of the evidence, we consider the evidence and all reasonable inferences which might be drawn therefrom in the light most favorable to the trial court's judgment." Id.
Section 211.183, pursuant to which the trial court made its challenged finding, provides that
[t]he division shall not be required to make reasonable efforts [to make it possible for the child to return home] but has the discretion to make [such] reasonable efforts if a court of competent jurisdiction has determined that ... [t]he parent has subjected the child to a severe act or recurrent acts of ... emotional ... abuse toward the child....
Section 211.183.7(1). While the statutorily required "emotional abuse" is not statutorily defined, and we have not been directed to or found a Missouri case addressing "a severe act or recurrent acts of ... emotional ... abuse" for purposes of Section 211.183.7(1), we are not persuaded that *823 N.H.'s absence from school for numerous days during two consecutive school years in and of itself constitutes the statutorily required "severe act or recurrent acts of ... emotional abuse." In terms of the record, the only evidence regarding N.H.'s absence from school is the stipulation that N.H. missed numerous days of school during two consecutive school years, and testimony that he is now doing better academically since he began attending school regularly. The record is barren of any explanation for N.H.'s absences. Due to the limited record before us, we do not know the reason for or source of N.H.'s repeated school absences. Therefore, we are unable to discern any connection between those absences and any emotional abuse of N.H. Nor does the record available to us reveal any evidence of emotional abuse suffered by N.H. as a result of these school absences or any emotional abuse inflicted on N.H. by Mother due to N.H.'s absence from school. Finally, the record available to us does not show that N.H.'s admitted school absences in any manner constituted either a severe act of emotional abuse or recurrent acts of emotional abuse. Here, no one is contesting the fact that N.H.'s repeated school absences constituted educational neglect. Rather, the sole challenge here is to the trial court's finding of a severe act or recurrent acts of emotional abuse based on the available record. We have at issue and under consideration now only the lack of an evidentiary basis for the trial court's emotional abuse finding.
Respondent DJO argues testimony presented at the dispositional hearing that N.H. was seeing a therapist, had seen a doctor, had "psychological issues," and had poor hygiene when the Division worker first saw him "could well have led the trial court to the conclusion that there had been a severe act or recurrent acts of emotional abuse." Such testimony is not sufficient under the circumstances of the case because none of that testimony in any way linked or associated those circumstances to emotional abuse of N.H. by Mother or to emotional abuse of N.H. arising out of his undisputed absence from school.
Respondent also contends our decision in In Interest of A.H., 45 S.W.3d 899 (Mo.App.2001), supports the challenged finding of the trial court here. In that case, we found there was competent and substantial evidence to support the trial court's determination that the minor child had been subjected to a severe act of physical abuse and, therefore, reasonable efforts at reunification were not required. Id. at 901. The trial court's finding was based on the minor child's medical records, which indicated that: the child had been "dropped approximately four feet onto a concrete ground" by the child's mother's boyfriend while in mother's custody, resulting in a fractured left femur; the child "had other bruises in various degrees of healing"; and the child had "required medical attention at [a hospital] after falling down a flight of stairs" approximately one year earlier. Id. The minor child's mother did not testify or present evidence at the dispositional hearing. Id. We find the case factually distinguishable because the basis of the severe abuse was physical and medical records were available to establish that physical abuse, whereas in the present case there is no evidence available establishing N.H. was the victim of emotional abuse, much less severe or recurrent acts of such abuse.
Without more, there is no evidentiary support for the trial court's challenged determination. Mother's contention that the challenged finding is not supported by substantial evidence and is against the weight of the evidence is well-taken.
Moreover, the trial court's judgment of disposition was inconsistent. At *824 page 4 of the judgment of disposition the trial court specifically required the Division "to engage in reasonable efforts to reunify [N.H.] with Mother," but then stated in Exhibit 1 attached to the judgment of disposition that, "[i]n the opinion of the Court, pursuant to Section 211.183.7 RSMo., reasonable efforts by the ... Division for Mother[`s reunification with N.H.] are not required because:... Mother has subjected [N.H.] to a severe act or recurrent acts of emotional abuse." As we noted earlier, there is no evidence to support the finding of emotional abuse, and there is no explanation by the trial court to clarify the apparently inconsistent directives regarding the Division's reunification efforts.
A judgment that is inconsistent or contradictory on a material matter, or that is based on conclusions at variance with the facts, cannot stand. Barrett v. Barrett, 963 S.W.2d 454, 457 (Mo.App. E.D.1998). While such judgments may be reversed and remanded, we are authorized by Rule 84.14 to "dispense with the remand process" and render a judgment the trial court should have rendered. Norber v. Marcotte, 134 S.W.3d 651, 662 (Mo.App. E.D.2004). Pursuant to Rule 84.14, we may modify a challenged judgment by deleting portions of it. See Hileman v. Hileman, 909 S.W.2d 675, 680 (Mo.App. E.D.1995); State Div. of Family Servs. v. A.J., 872 S.W.2d 594, 598 (Mo.App. E.D.1994); Meiners v. Meiners, 858 S.W.2d 788, 791 (Mo.App. E.D.1993).
We accordingly modify the judgment of disposition only by deleting the finding in Exhibit 1 of the judgment of disposition stating that "[i]n the opinion of the Court, pursuant to Section 211.183.7 RSMo., reasonable efforts by the ... Division for Mother[`s reunification with N.H.] are not required because:... Mother has subjected [N.H.] to a severe act or recurrent acts of emotional abuse." As so modified, the judgment of the trial court is affirmed.
LAWRENCE E. MOONEY, Presiding Judge and LAWRENCE G. CRAHAN, Judge, Concur.
NOTES
[1] In relevant part this statute provides that the family court has exclusive original jurisdiction in proceedings "[i]nvolving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because. . . [t]he child while subject to compulsory school attendance is repeatedly and without justification absent from school." Section 211.031.1(2)(a) RSMo 2000. All subsequent statutory citations are to RSMo 2000, unless otherwise noted.