Kerrie BURRIS, et. al, Plaintiffs/Appellants,

v.

AMERICAN HERITAGE HOMES, LLC, Defendant/Respondent.

No. ED 88003.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 1, 2006.

Mathew William Ponzar, St. Charles, MO, for appellant.

Christopher John Petri, Edwardsville, IL, for respondent.

BOOKER T. SHAW, C.J.

Kerrie Burris and multiple other plaintiffs in this class action lawsuit (Appellants) have filed an appeal from the trial court's judgment sustaining the motion for stay and to compel arbitration filed by American Heritage Homes, LLC (Respondent). Because there is no final, appealable judgment, the appeal is dismissed.

Appellants filed a lawsuit against Respondent individually and as representatives of a class of similarly situated individuals who purchased homes from Respondent. The petition presented multiple counts for breach of contract, breach of implied warranties of habitability or fitness, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, breach of oral contract, trespass, private nuisance, and invasion of privacy. The suit concerned defects in the homes built by Respondent in the Aspen Ridge subdivision of St. Charles County. Respondent filed a motion to stay the suit and to compel arbitration, contending that each of the Appellants had signed home sale contracts that contained binding arbitration clauses for all claims presented. The trial court granted the Respondent's motion to compel arbitration and stayed the matter until further order. Appellants filed an appeal to this Court.

This Court issued an order directing Appellants to show cause why their appeal should not be dismissed. This case is virtually indistinguishable from *Deiab v. Shaw*, 138 S.W.3d 741 (Mo.App. E.D.2003) where a defendant sought to appeal from an order or judgment granting a motion to compel arbitration and stay the proceedings. This Court concluded that such a judgment is not appealable under either section 512.020 or section 435.440. *Id.* at 742–43. First, section 512.020, RSMo Cum.Supp.2005, allows appeals only from final judgment resolving all claims and issues in the case. Clearly, this case does not fall within those parameters. All of the claims remain pending in the trial court, even though any further action has been stayed pending the outcome of arbitration. Accordingly, the trial court's order did not resolve all of the issues in the case and there is no final, appealable judgment.

Therefore, if any appeal could be taken from this interlocutory order, it would be under section 435.440, RSMo 2000. Section 435.440 allows appeals from the following: (1) an order denying an application to compel arbitration made under section 435.355; (2) an order granting an application to stay arbitration made under subsection 2 of section 435.355; (3) an order confirming or denying confirmation of an award; (4) an order modifying or correcting an award; (5) an order vacating an award without directing a rehearing; or (6) a judgment or decree entered pursuant to the provisions of section 435.350 to 435.470. An order or judgment granting a motion to stay and compelling arbitration does not fall within these exceptions. *Deiab*, 138 S.W.3d at 743.

Appellants have filed a response to this Court's order and Respondent has filed a reply to their response. Appellants assert that *Deiab v. Shaw* does not apply, because the case at hand concerns whether an arbitration clause is valid and it would not be judicially economical to proceed to arbitration without an appeal. Appellants further assert that it "does not make sense to not be able to appeal an erroneous

order compelling arbitration without any basis."

The issues raised in *Deiab* did concern the validity of the arbitration clause and this Court concluded that it could not address them in the appeal, because it did not have jurisdiction. *Id.* Appellants may raise these issues later in a proper appeal or an extraordinary writ proceeding. *Id.* Moreover, it is judicially economical to prohibit an appeal from an order compelling arbitration, because the results of arbitration could render any appeal moot.[1]

The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.

---

1. Appellants further imply in their response that the Federal Arbitration Act (FAA) applies. However, even if it does apply, the FAA does not authorize an appeal in this case either. 9 U.S.C. section 16(a) & (b) (2006). Specifically, 9 U.S.C. section 16(b)(3) states that an appeal may not be taken from an interlocutory order compelling arbitration.