Cindy BRADEN and Rhonda Slebioda, Appellants,

v.

JF ENTERPRISES, LLC d/b/a Jeremy Franklin Suzuki of Kansas City, Respondent.

No. WD 69520.

Missouri Court of Appeals, Western District.

Dec. 30, 2008.

Thomas G. Pirmantgen, Jefferson City, MO, for appellant.

Cary Sawyer Smalley, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Cindy Braden (Braden) and Rhonda Slebioda (Slebioda) appeal the trial court's interlocutory judgment compelling arbitration of their claims against JF Enterprises surrounding the sale and purchase of an automobile. Braden and Slebioda brought suit against JF Enterprises, LLC (JF) for fraud, deceptive trade practices, and breach of the arbitration agreement in connection with an automobile sale. JF filed a motion to dismiss or, in the alternative, to stay the proceedings, arguing that Missouri law required the court to compel arbitration under the parties' separately signed arbitration agreement. The court overruled the motion to dismiss but sustained the motion to stay the proceedings, finding that it "may award punitive damages to the prevailing party in its discretion." It also found that "there is no just reason to delay such determination" under Rule 74.01(b). Because a judgment compelling arbitration is not appealable under RSMo. 435.440, we lack jurisdiction and dismiss the appeal.

**Jurisdiction**

 Although neither party challenges this court's jurisdiction, we must determine *sua sponte* whether we can hear Braden's appeal. *Jackson County v. McClain Enters., Inc.,* 190 S.W.3d 633, 637 (Mo.App. W.D.2006). Braden's jurisdictional statement asserts jurisdiction under Rule 74.01(b). The right to appeal is statutory only, and Rule 74.01 does not serve as the source of the right to appeal but rather helps define the scope and procedure of a right to appeal provided by RSMo 512.020. That statute, however, does not provide a right to appeal a judgment or order concerning arbitration. Section 435.440.1 of the Missouri Uniform Arbitration Act (MUAA) governs appeals of court orders concerning arbitration. *Jackson County,* 190 S.W.3d at 638. This section is a "special statute," and "takes precedence over the general requirement[s]" of Rule 74.01. *Dunn v. Sec. Fin. Advisors, Inc.,* 151 S.W.3d 140, 142 (Mo.App. W.D.2004). Section 435.440.1 authorizes appeal from:

(1) An order denying an application to compel arbitration made under section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470.

"Moreover, it is judicially economical to prohibit an appeal from an order compelling arbitration, because the results of arbitration could render any appeal moot." *Burris v. Am. Heritage Homes, LLC,* 197 S.W.3d 613, 615 (Mo.App. E.D.2006). Nor is an appeal from an order compelling arbitration appealable under the Federal Arbitration Act (FAA). 9 USC § 16(b) (2008). The arbitration agreement herein specifies that it is governed by the FAA. It matters not that the trial court made a certification under Rule 74.01(b). *Transit Cas. Co. v. Certain Underwriters,* 963 S.W.2d 392, 396 (Mo.App. W.D.1998).

The appeal is dismissed.

LISA WHITE HARDWICK, Judge, and JAMES E. WELSH, Judge, concur.