Todd HEWITT, Plaintiff/Appellant,

v.

ST. LOUIS RAMS PARTNERSHIP, The Rams Football Co., Inc., ITB Football Co., LLC, and The St. Louis Rams, LLC, Defendants/Respondents.

No. ED 99592.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 24, 2013.

John D. Lynn, St. Louis, MO, for Plaintiff/Appellant.

Bradley A. Winters, Clayton, MO, for defendants/respondents.

SHERRI B. SULLIVAN, J.

*Introduction*

Todd Hewitt (Appellant) appeals from the trial court's judgment dismissing his claim of employment discrimination and compelling its arbitration pursuant to the arbitration agreement between Appellant and his former employer, St. Louis Rams Partnership. We reverse.

*Procedural Background*

Appellant filed a petition against St. Louis Rams Partnership; The Rams Football Co., Inc.; ITB Football Co., LLC, and The St. Louis Rams, LLC (collectively Respondents), alleging a single claim of age discrimination in the termination of his employment in violation of the Missouri Human Rights Act (MHRA). Respondents filed a motion to compel arbitration of Appellant's claim and asked that his claim be dismissed or, alternatively, stayed pending arbitration. On January 8, 2013, the trial court entered an Order and Judgment granting Respondents' motion to compel arbitration and staying the proceedings in its court pending further proceedings in arbitration. The court also indicated "if either party wishes this Court to grant alternative relief (dismissing this matter to permit an appeal), that party shall request a rehearing before the Court on this issue within fifteen days, with notice and an opportunity to be heard to the other side."

On January 17, 2013, Appellant filed a motion to amend the trial court's Order and Judgment, asking the court to dismiss without prejudice rather than stay his MHRA claim "in order to allow an immediate appeal" to "obtain a definitive appellate court ruling with regard to the validity of the arbitration agreement." Second, Appellant asked the court to "temporarily stay the arbitration proceedings by enjoining [Respondents] from proceeding with them pending the final resolution of the appellate process."

After Respondents filed their response to Appellant's motion, the trial court held a hearing and on January 17, 2013, entered a Supplemental Order and Judgment granting in part and denying in part Appellant's motion, in that the court, at Appellant's request, dismissed his claim to permit him to pursue appellate review of its decision to compel arbitration, but denied his request to stay the arbitration proceedings it had ordered. The court noted, "It is the Court's intention to permit the Plaintiff to have the opportunity of pursuing appellate review, but it is also the Court's intention that the Plaintiff shall participate in arbitration pursuant to the terms of his contract without further delay and that the Court's order, compelling arbitration, shall remain in full force and effect."

*Discussion*

■ The trial court's January 8, 2013 judgment as supplemented and amended by the January 17, 2013 judgment comprises an internally inconsistent judgment because it both dismisses Appellant's claim in the trial court while ordering it to arbitration. The trial court's January 8, 2013 Order and Judgment stayed Appellant's action and ordered the parties to arbitrate his claim. While its January 17, 2013 Supplemental Order and Judgment purported to dismiss Appellant's action instead of staying it, the court reiterated its intent that its previous Order and Judgment compelling arbitration remain in full force and effect, and explicitly refused to stay the arbitration proceedings it had ordered. The trial court's purported dismissal of Appellant's claim is at odds with its con-

current order compelling it to arbitration and refusing to stay the arbitration.

The trial court cannot simultaneously assert jurisdiction and control over a claim by ordering it to arbitration, and at the same time relinquish jurisdiction and control over that claim by dismissing it. These actions are internally inconsistent and the trial court's refusal to stay the ordered arbitration proceedings upon its simultaneous dismissal of the claim compounds the inconsistency. A judgment that is inconsistent or contradictory cannot stand. *In re N.H.*, 155 S.W.3d 820, 824 (Mo.App.E.D.2005).

Section 435.355 RSMo 2012 provides for the mandatory stay of claims subject to arbitration:

> Any action or proceeding involving an issue subject to arbitration *shall be stayed* if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

Section 435.355.4 (emphasis added). When engaging in statutory construction, we should not interpret statutes so as to render some of their phrases to be mere surplusage. *Robinson v. Advance Loans II, LLC,* 290 S.W.3d 751, 755 (Mo.App. E.D.2009). We must presume that the legislature included every word of a statute for a purpose, and that every word has meaning. *Id.* The use of the word "shall" in Section 435.355 denotes that the trial court is required to stay proceedings when it finds the claims involved are subject to arbitration. See, e.g., *Teson v. Director of Revenue,* 937 S.W.2d 195, 195–6 (Mo.banc 1996) and *State ex rel. Baumruk v. Belt,* 964 S.W.2d 443, 447 (Mo.banc 1998).

Accordingly, we conclude that when arbitration is compelled, the trial court should stay the proceedings in its own forum, not dismiss them. Rather than dismissal, the proper course of action for the trial court, upon finding an agreement to arbitrate, is to stay the action pending arbitration. *Mueller v. Hopkins & Howard, PC,* 5 S.W.3d 182, 186(Mo.App.E.D.1999).

Appellant may raise his issues in an extraordinary writ proceeding or in a proper appeal after arbitration. *Burris v. American Heritage Homes, LLC,* 197 S.W.3d 613, 615 (Mo.App.E.D.2006); *Deiab v. Shaw,* 138 S.W.3d 741, 743 (Mo. App.E.D.2003). The results of the arbitration could also render Appellant's issues moot. *Burris,* 197 S.W.3d at 615; *Deiab,* 138 S.W.3d at 743.

### Conclusion

The trial court's January 17, 2013 Supplemental Order and Judgment is reversed, and the January 8, 2013 Order and Judgment is reinstated.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.