

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, EX REL. JOHN L. MESSEX, | ) ) ) | |
| Relator, | ) ) | |
| v. | ) ) | No. SD36416 |
| | ) | Filed: December 3, 2020 |
| THE HONORABLE KELLY PARKER, | ) ) | |
| Respondent. | ) | |

ORIGINAL PROCEEDING IN PROHIBITION

**<u>PERMANENT WRIT OF PROHIBITION ISSUED</u>**

John Messex (Messex) filed a negligence action against the Missouri Highway and Transportation Commission (MHTC). As permitted by § 226.095, Messex requested that his claim be arbitrated.[1] Messex's arbitration request also asked the trial judge (hereinafter referred to as Respondent) to stay the lawsuit until arbitration is completed. Respondent entered an order requiring the case to be arbitrated, but Messex's request for a stay of the lawsuit was denied.

Messex filed a petition for writ of prohibition in this Court. Messex asked that we prohibit Respondent from taking any further action in the case, except to stay the lawsuit

---

[1] All statutory references are to RSMo (2016), unless otherwise specified.

while the claim is being arbitrated. We issued a preliminary writ in prohibition. After fully considering the matter, we conclude that the unambiguous language of the governing statute required Respondent to stay the lawsuit once Messex requested arbitration. Therefore, we make permanent our preliminary writ of prohibition.

## Factual and Procedural Background

As noted above, Messex filed a negligence action against MHTC to recover damages for personal injuries Messex sustained in an automobile collision involving a vehicle owned by MHTC. Messex alleged that: (1) MHTC's employees were negligent in multiple respects for parking the MHTC work truck in a lane reserved for traffic on a state highway, without adequate warning, over the crest of a hill; (2) Messex crashed into the MHTC truck, causing him to sustain catastrophic injuries; and (3) sovereign immunity for MHTC was waived pursuant to § 537.600.1(1).

After the lawsuit was filed, Messex filed a request for arbitration pursuant to § 226.095. The reference in this statute to the Department of Transportation encompasses defendant MHTC. *See* ***Murray v. Missouri Highway and Transp. Comm'n***, 37 S.W.3d 228, 231 n.2 (Mo. banc 2001). Messex's arbitration request asked Respondent to enter an order compelling arbitration and staying the underlying action. MHTC filed a response asking that the court "exercise its discretion and defer arbitration of this case until it is more developed and ready for disposition."

Respondent granted Messex's request for arbitration, but the request for a stay was denied. Respondent decided that the specific language of the stay provision in § 435.355.4 did not apply to requests for arbitration pursuant to § 226.095. Messex then filed his writ

2

petition. We issued a preliminary writ of prohibition and directed the parties to brief the issues.

## Discussion and Decision

Writs of prohibition or mandamus are extraordinary remedies. *See U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013). "The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Mo. Pub. Def. Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 45 (Mo. banc 2017); *see also State ex rel. Coleman v. Wexler Horn*, 568 S.W.3d 14, 16 (Mo. banc 2019).

This writ proceeding requires us to decide whether the stay provision of § 435.355.4 applies to requests for arbitration made pursuant to § 226.095. If it does, then Respondent lacked the authority to deny Messex's request for a stay of his lawsuit. Resolution of this issue is a matter of statutory interpretation and requires us to look at the language of both statutes.

The primary goal of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent, and to consider the words in their plain and ordinary meaning. *Johnson v. Missouri Bd. of Probation and Parole*, 359 S.W.3d 500, 504 (Mo. App. 2012). In construing statutes, courts should avoid unreasonable or absurd results. *Murray*, 37 S.W.3d at 233. Where the language is

3

unambiguous, we must give effect to the language as it is written. *Denbow v. State*, 309 S.W.3d 831, 834 (Mo. App. 2010).

Section 226.095 states that, "[u]pon request of the plaintiff in a negligence action against the department of transportation as defendant, the case shall be arbitrated by a panel of three arbiters pursuant to the provisions of chapter 435." The language of § 226.095 is clear and unambiguous, so it must be applied as written. Once Messex opted to arbitrate his claim, that process had to be used because "[t]he state, through duly enacted legislation, can require [MHTC] to submit to arbitration pursuant to section 226.095." *Murray*, 37 S.W.3d at 233. The arbitration must be conducted by a panel of three arbiters "*pursuant to the provisions of chapter 435*." § 226.095 (italics added). Chapter 435 "sets out a standardized set of procedures to be followed in arbitrations." *Murray*, 37 S.W.3d at 232. "[T]he general assembly in section 226.095 simply makes reference to 'provisions of chapter 435' rather than setting out specific arbitration procedural provisions that already appear in the chapter." *Murray*, 37 S.W.3d at 232. Section 435.355.4 states:

> Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. *When the application is made in such action or proceeding, the order for arbitration shall include such stay*.

*Id*. (italics added).

Respondent decided that the above provision, which is part of Chapter 435, does not apply to Messex's request for arbitration. This decision is contrary to the plain language of § 226.095 and § 435.355.4. "The use of the word 'shall' in [s]ection 435.355 denotes that the trial court is required to stay proceedings when it finds the claims are subject to arbitration." *Hewitt v. St. Louis Rams Partnership*, 409 S.W.3d 572, 574 (Mo.

4

App. 2013). More importantly, § 226.095 "requires the commission to submit to arbitration before three arbiters, in accordance with the applicable procedures of chapter 435, RSMo. The purpose of arbitration is to encourage dispute resolution without resort to the courts, and it is a proceeding separate from litigation." *Murray*, 37 S.W.3d at 234. Respondent's ruling would lead to the unreasonable and absurd outcome that Messex's lawsuit could continue to be litigated, even though the claim was being arbitrated at the same time. Thus, Respondent's decision is not consistent with the legislature's intent, as expressed in § 226.095, that a negligence action against MHTC must be sent to arbitration if requested by the plaintiff. *Id*. To effectuate that intent, the order sending Messex's claim to arbitration was required to include a stay of the lawsuit.

To support Respondent's decision, MHTC argues that: (1) § 226.095 requires a threshold determination that there is a negligence action subject to arbitration; and (2) discovery and dispositive motions must be permitted before arbitration is compelled. We reject these arguments. Nothing in the plain language of § 226.095 supports MHTC's assertions. The phrase "negligence action" in that statute refers to the nature of the civil cause of action alleged in the petition. *See In re Johnson*, 190 S.W.3d 469, 477 (Mo. App. 2006); *Robinson v. Dir. of Revenue*, 32 S.W.3d 148, 153 n.5 (Mo. App. 2000); *Curnes v. Equitable Life Assurance Soc. of U.S.*, 6 S.W.3d 175, 177 (Mo. App. 1999). As explained in *Dilley v. Valentine*, 401 S.W.3d 544 (Mo. App. 2013):

> To sue for negligence, the plaintiff must prove (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury. *Stanley v. City of Independence,* 995 S.W.2d 485, 487 (Mo. banc 1999). The General Assembly has waived sovereign immunity for "[i]njuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." § 537.600.1, RSMo Cum. Supp. 2011.

5

*Id*. at 548.  The allegations of Messex's petition met all of these requirements, so he alleged a negligence action against MHTC.

MHTC's argument that discovery and dispositive motions must be permitted before arbitration also fails.  As required by § 226.095, arbitration must be conducted pursuant to the provisions of Chapter 435.  Section 435.355.5 states that "[a]n order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."  *Id*.

For all the foregoing reasons, Respondent exceeded his statutory authority by denying Messex's request for a stay of the lawsuit while his claim is being arbitrated.  Accordingly, we hereby issue a permanent writ in prohibition:  (1) preventing Respondent from taking any action in Messex's lawsuit while the claim is being arbitrated; and (2) requiring Respondent to enter an amended order granting Messex's request for arbitration and a stay of the lawsuit while that occurs.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

DON E. BURRELL, J. – CONCUR