**ARROWHEAD CONTRACTING, INC., Appellant,**

v.

**M.H. WASHINGTON, LLC, et al., Defendants,**

and

**Weitz Company, LLC, Respondent.**

**No. WD 68243.**

Missouri Court of Appeals, Western District.

Jan. 22, 2008.

Susan L. McGreevy, David A. Schatz (Co-counsel), Heath A. Hawk (Co-counsel), Kansas City, MO, for Appellant.

Andrew M. Demarea, Overland Park, KS, Christopher P. Sobba (Co-counsel), Kansas City, MO, for Respondent

Before: LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Arrowhead Contracting, Inc., appeals the circuit court's denial of its motion to

compel Weitz Company, LLC, to arbitrate the parties' contract dispute. Arrowhead contends Weitz entered into an express written agreement to resolve the dispute by arbitration and that Weitz now refuses to participate in arbitration. We find that no such express written agreement exists and affirm the circuit court's denial of Arrowhead's motion to compel.

Arrowhead contracted with Weitz to perform construction work on a project located at 46th and Washington in Kansas City. A dispute arose between Weitz and Arrowhead regarding Arrowhead's work on the project, and Arrowhead filed a lawsuit to recover money it alleges it is owed for its work on the project.[1]

The subcontract agreement between Arrowhead and Weitz provided that any claim could be determined by arbitration at Weitz's option. Arrowhead, through its attorney, discussed with Weitz and its attorney the possibility of arbitrating the claims regarding the project. On October 23, 2006, Arrowhead's attorney sent a letter to Weitz's attorneys that said:

> Pursuant to our conversation, we wanted to send over a letter that outlines our understanding of the arbitration in the above matter. The terms of the arbitration would be as follows:

> Leland Shurin is the agreed upon arbitrator with the arbitration to be completed at a mutually agreeable time within 3–4 months of the date of this letter.

> The parties will exchange documents at a mutually agreeable time. Any dispute regarding the timing or scope of the document production would be submitted to Mr. Shurin for his review and decision.

> The parties agree that each side is allowed 2 depositions prior to the arbitration. If either party feels additional depositions are necessary they can be done by agreement or the requesting party will submit for Mr. Shurin's review and decision why additional depositions are appropriate.

> The arbitration will be limited to two days. Each party will present a summary of their position through their attorney(s) and then present one witness who will speak on behalf of their company to present any additional evidence as well as respond to cross-examination and any questions posed by the arbitrator.

> Any disputes regarding the terms or arrangements of the arbitration will be submitted to Mr. Shurin for review and adjudication.

> Finally, it is our understanding that Weitz is open to negotiating the latitude provided Mr. Shurin for his arbitration decision (i.e. will he be required to take one party's position in whole; or will be allowed to award an amount he feels is justified by the evidence; or somewhere in between).

> As we discussed, at this point we are unable to evaluate or take a position on what we believe would be appropriate in this case as we have yet to see Weitz's documents and/or been provided a position as to the amount Weitz believes is due and owing Arrowhead. Accordingly, we will readdress this issue after such information has been provided by Weitz. If the parties are unable to reach an agreement as to the scope of the arbitrator's decision we propose the issue be presented to Mr. Shurin and allow him to resolve any dispute.

---

1. Arrowhead's lawsuit involves multiple defendants, but this case concerns Arrowhead's dispute with Weitz only.

Please let us know your thoughts. After we receive your confirmation we will forward a copy of this letter to Mr. Shurin for his review and agreement.

In response to Arrowhead's letter, one of Weitz's attorneys sent Arrowhead's attorney an electronic mail on November 7, 2006, which said: "I believe your letter of October 23 does correctly outline the type of arbitration we have agreed upon." The message then went on to discuss issues surrounding filing a joint motion to stay the case pending arbitration and issues regarding another project in which the parties were involved.

When Weitz refused to arbitrate the dispute, Arrowhead filed a motion to compel arbitration with the circuit court. On March 20, 2007, the circuit court denied Arrowhead's motion without explanation. Arrowhead appeals from the circuit court's order denying its motion to compel.[2]

■■■ Determining whether or not Arrowhead's motion to compel arbitration should have been granted is a question of law, and our review is *de novo. Triarch Indus., Inc. v. Crabtree,* 158 S.W.3d 772, 774 (Mo. banc 2005). "When faced with a motion to compel arbitration, the motion court must determine whether a valid arbitration agreement exists and, if so, whether the specific dispute falls within the scope of the arbitration agreement." *Nitro Distributing, Inc. v. Dunn,* 194 S.W.3d 339, 345 (Mo. banc), *cert. denied,* —— U.S. ——, 127 S.Ct. 726, 166 L.Ed.2d 561 (2006). In determining whether or not a valid arbitration agreement exists, we apply "the usual rules of state contract law and canons of contract interpretation." *Id.*

■■■ An obligation to arbitrate is based on assent and agreement. *Abrams v. Four Seasons Lakesites/Chase Resorts, Inc.,* 925 S.W.2d 932, 937 (Mo.App.1996); *Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 258 (Mo.App.1985). A party cannot be forced to arbitrate any dispute that he did not agree to arbitrate. *Abrams,* 925 S.W.2d at 937; *Village of Cairo,* 685 S.W.2d at 258. As this court said in *L.B. v. State Committee of Psychologists,* 912 S.W.2d 611 (Mo.App.1995):

The term "mutuality of agreement" implies a mutuality of assent by the parties to the terms of the contract. The nature and extent of a contract's essential terms which form the basis of the parties' mutual assent must be certain or capable of being certain. If the parties reserve any of the essential terms of the purported contract for future determination, there is no valid, binding agreement.

[N]egotiations or preliminary steps towards a contract do not themselves constitute a contract. The existence of a contract necessarily implies that there has been a "meeting of the minds" between the parties which the court can determine by looking to the intentions of the parties as expressed or manifested in their words or acts. "Whether a contract is made and, if so, what the terms of the contract are, depend upon what is

---

**2.** Federal and Missouri law authorize immediate appeal and *de novo* review of a denial of a motion to compel arbitration. *Triarch Indus., Inc. v. Crabtree,* 158 S.W.3d 772, 774 and n. 2 (Mo. banc 2005). In both 9 U.S.C § 16(a)(1)(B) and section 435.440.1, RSMo 2000, an appeal may be taken from an order denying a motion to compel arbitration. Although the circuit court's ruling denying Ar-

rowhead's motion to compel arbitration is not denominated a "judgment" as required by Rule 74.01(a) and is not appealable under section 512.020, RSMo Supp.2000, the *order* is appealable pursuant to 9 U.S.C § 16(a)(1)(B) and section 435.440.1. *Jackson County v. McClain Enters., Inc.,* 190 S.W.3d 633, 639 (Mo.App.2006).

actually said and done and not upon the understanding or supposition of one of the parties."

[A] contract is not complete until the proposition of one is presented to the other and accepted as presented. The acceptance of a proposition presented by one party must be accepted by the other in the form tendered; if the acceptance purports to add or alter the proposition made, then neither party is bound.

*Id.* at 617 (citations and emphasis omitted); *Abrams,* 925 S.W.2d at 937.

The correspondence between Arrowhead's and Weitz's attorneys shows that the parties merely were engaged in negotiations regarding submitting their dispute to arbitration. Although the letter from Arrowhead set forth some of the terms for arbitration, the letter also reserved a term for future negotiation. The letter noted the parties were still negotiating the "latitude provided to [the arbitrator] for his arbitration decision" and that Arrowhead was unable, at that point, "to evaluate or take a position on what [it] believe[d] would be appropriate in this case as [it had] yet to see Weitz's documents and/or been provided a position as to the amount Weitz believes is due and owing Arrowhead."

Arrowhead asserts, however, even if the agreement were silent as to the arbitrator's scope of authority, the agreement would still be valid. In support of its contention, Arrowhead relies on *Triarch,* 158 S.W.3d at 775, where the Supreme Court held: "In Missouri, where an agreement is silent as to certain necessary matters concerning the arbitration, such as how arbitrators will be appointed, arbitrators' right to exercise authority, notification of their award, and payment of fees and expenses, Missouri will imply such terms." The flaw in Arrowhead's assertion, however, is it fails to understand that

the parties—especially Arrowhead as evidenced by its letter—did not want to leave the term regarding the latitude provided to the arbitrator to be implied by Missouri law. The parties wanted to come to an agreement on this term, which is further evidenced by Arrowhead's saying it was unable to take a position on what would be appropriate in regard to the scope of the arbitrator's decision until it looked at Weitz's documents or was provided the amount that Weitz believed it owed Arrowhead. Arrowhead further proposed that the issue of the arbitrator's decision be presented to the arbitrator if the parties were unable to reach an agreement. Such negotiations or preliminary steps do not constitute a contract. *Abrams,* 925 S.W.2d at 937.

Moreover, the electronic mail that Weitz sent in response to Arrowhead's letter merely acknowledged that Arrowhead's letter "correctly outline[d] the *type* of arbitration [the parties had] agreed upon." Nothing in this electronic mail shows that the parties had mutually agreed upon all the terms of the arbitration. In fact, because Arrowhead had reserved one of the terms for future determination, i.e. the scope of the arbitrator's decision, no valid, binding agreement could exist at the time Weitz sent the electronic mail. *Id.; L.B.,* 912 S.W.2d at 617.

Arrowhead and Weitz did not reach an agreement to arbitrate their dispute. We, therefore, affirm the circuit court's denial of Arrowhead's motion to compel arbitration.

All concur.