NATIONAL MANAGEMENT
CORPORATION, et al.,
Plaintiffs/Appellants,

v.

Lawrence P. KAPLAN,
Defendant/Respondent.

No. ED 91918.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 18, 2008.

Gary Growe, St. Louis, MO, for appellant.

Lawrence Kaplan, St. Louis, pro se.

Paul Simon, Jr., St. Louis, MO, Peter M. King, Chicago, IL, for respondent.

NANNETTE A. BAKER, Chief Judge.

National Management Corporation and Allan Leving (Appellants) appeal from summary judgments in favor of Lawrence P. Kaplan (Respondent) on Counts I and II of Appellants' petition and Respondent's counterclaim. The appeal is dismissed.

Appellants brought a declaratory judgment action against Respondent in 2007. Appellant Leving and Respondent were business partners and Appellants sought a declaration that various management and business agreements between the business partners were valid and enforceable. Appellants later amended this petition, listing eight separate counts against Respondent. Respondent also filed a counterclaim against Appellants. The trial court entered judgments in the case on June 11, 2008, July 17, 2008, and August 25, 2008. The totality of the orders and judgments result in summary judgment in favor of Respondent on Counts I and II of Appellants' petition, as well as on Respondent's counterclaim. In the August 25, 2008 order, the trial court states, "Plaintiffs and defendants have consented to Counts VI and VII being returned to arbitration. The Court further orders that Counts III, IV, V, and VIII shall be compelled to arbitration." Appellants then filed the instant appeal.

Respondent has filed a motion to dismiss the appeal, asserting there is no final, appealable judgment, because claims and issues remain pending in the trial court. Appellants have filed a response to the motion to dismiss. We agree with Respondent's assertion.

Jurisdiction over this appeal lies in either section 512.020, RSMo Cum. Supp. 2007 for "final judgments" or section 435.440, RSMo 2000, which allows appeals from certain interlocutory orders in arbitration matters. Under section 512.020, an appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. Rule 74.01(b); *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D.1993). If the trial court does not resolve all the issues as to all the parties or expressly designate "there is no just reason for delay" under Rule 74.01(b), then this Court does not have jurisdiction and the appeal must be dismissed. *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

Here, there is no jurisdiction under section 512.020, because claims remain pending. Only Counts I and II of the petition and the counterclaim have been resolved. Appellants contend that there is nothing further for the trial court to do and that the trial court recognized this by writing "Case Closed" on the August 25, 2008 judgment. However, this is an inaccurate

statement. Even though several counts have been referred to arbitration, they are still pending in the trial court. There has been no final resolution of those counts by the trial court, nor have they been involuntarily or voluntarily dismissed. *See, Burris v. American Heritage Homes, LLC,* 197 S.W.3d 613, 614 (Mo.App. E.D.2006). In addition, the trial court did not certify there was "no just reason for delay" in an appeal pursuant to Rule 74.01(b). Therefore, there is no final, appealable judgment under section 512.020.

There is also no jurisdiction under section 435.440. The August 25, 2008 order compelled the Appellants to arbitrate their claims. An order compelling arbitration is not an appealable judgment. *McClellan v. Barrath Const. Co., Inc.,* 725 S.W.2d 656 (Mo.App. E.D.1987); Section 435.440.

Appellants argue that the case at hand concerns whether the arbitration clause is valid and that it would not be judicially economical to proceed to arbitration without an appeal. However, even if the validity of the arbitration clause is in issue, this Court does not have jurisdiction under either section 512.020 or section 435.440. *Deiab v. Shaw,* 138 S.W.3d 741, 743 (Mo. App. E.D.2003).

Respondent's motion to dismiss is granted. The appeal is dismissed for lack of a final, appealable judgment.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.