Lavern ROBINSON, Appellant/Cross–Respondent,

v.

ADVANCE LOANS II, L.L.C., Respondent/Cross–Appellant.

Nos. ED 91685, ED 91996.

Missouri Court of Appeals, Eastern District, Division Two.

June 9, 2009.

Erich Vieth and John Campbell, St. Louis, MO, for appellant.

Richard C. Wuestling, IV, Susan M. Schwartzkopf and Mary A. Johnson, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

In this consolidated appeal, the plaintiff, Lavern Robinson, appeals the July 2008 order entered by the Circuit Court of the City of St. Louis compelling arbitration with the defendant, Advance Loans, II, L.L.C. before the National Arbitration Forum (NAF). The defendant appeals the circuit court's August 2008 judgment staying arbitration pending resolution of the plaintiff's challenge to arbitration. Because the July 2008 order is not a final, appealable judgment, because orders compelling arbitration are not appealable under Missouri's Uniform Arbitration Act, section 435.350 *et seq.*, and because the order compelling arbitration is not denominated a "judgment" or "decree," we dismiss the plaintiff's appeal. Because the August 2008 judgment staying arbitration pending resolution of the plaintiff's challenge is not appealable under Missouri's Uniform Arbitration Act, we dismiss the defendant's appeal.

The defendant is a payday lender, which typically issues loans for short periods at high interest rates. The plaintiff is one of its customers. The plaintiff filed suit against the defendant, and sought class certification. In Count I, she alleged that the arbitration clause in the loan contract was unconscionable because it purported to prohibit class actions and class arbitration, and she sought a declaratory judgment to that effect. She also pleaded violation of the Missouri Merchandising Practices Act (Counts II and III) and Missouri statutes regarding excessive loan renewals (Count IV), debt reduction (Count V), consideration of borrowers' repayment ability (Count VI), and excessive interest (Count VII). The defendant moved to compel arbitration under the loan contract, and the parties agreed to stay the motion until they completed discovery on the plaintiff's allegation of unconscionability. After conducting discovery on the unconscionability issue, the court held an evidentiary hearing. Although not pleaded in her petition, the plaintiff also presented evidence in an effort to show that the designation of NAF as the arbitrator was unconscionable because the defendant unilaterally selected NAF, a forum that the plaintiff argues is notorious for its bias against consumers. The circuit court granted the defendant's motion to compel arbitration in July 2008. It determined, however, that the portion of the arbitration clause prohibiting class action was unconscionable and unenforceable, and struck the class-waiver provision of the arbitration agreement. The circuit court's order did not expressly address the plaintiff's contention that the designation of NAF was unconscionable. The plaintiff appeals.[1]

In August 2008, the circuit court granted a stay of arbitration "until such time as there is a final resolution regarding the validity of the [NAF-as-arbitrator]

---

1. The defendant filed a cross-appeal of the July 2008 order, but dismissed it.

clause." The defendant appeals. We consolidated the plaintiff's appeal of the order compelling arbitration with NAF and the defendant's appeal of the stay of arbitration. Because we determine that neither ruling is appealable, we dismiss both parties' appeals.

### The plaintiff's appeal

■ The plaintiff claims that the circuit court erred in failing to rule on her "application to prohibit [the d]efendant's unilateral choice of NAF as arbitrator and to compel class arbitration at a non-tainted arbitration forum selected by the [t]rial [c]ourt." She claims in the alternative that if we conclude that the circuit court denied her application via its July 2008 order, then the court erred because the provision allowing the defendant to unilaterally select a potentially biased arbitrator is unconscionable.

The plaintiff frames her challenge as an appeal of the circuit court's denial of (or alternatively its failure to rule on) her application for arbitration in a different forum. We reject the plaintiff's contention that she appeals the circuit court's denial of her application for arbitration. Of course, any order compelling arbitration implicitly and necessarily denies all alternative modes of arbitration other than that ordered. But that does not render an order compelling arbitration appealable under the guise of an order denying arbitration. The plaintiff's true claim is that the court erred in compelling arbitration.

Jurisdiction over the plaintiff's appeal lies in either section 512.020 RSMo. (Supp.

2008) for "final judgments" or section 435.440 RSMo. (2000),[2] which allows appeals from certain interlocutory orders in arbitration matters. *Nat'l Mgmt. Corp. v. Kaplan*, 271 S.W.3d 55, 55 (Mo.App. E.D. 2008). Pursuant to section 512.020 RSMo. (Supp.2008), we have jurisdiction only over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. *Id.* If the circuit court does not resolve all issues as to all parties, or if it does not dispose of one claim and certify under Supreme Court Rule 74.01(b) that no just reason for delay exists, then we do not have jurisdiction and must dismiss the appeal. *Id.*

Here, we have no jurisdiction under section 512.020 RSMo. (Supp.2008) because claims remain pending in the circuit court. Even though the plaintiff's claims have been referred to arbitration, there has been no final resolution of those claims by the circuit court nor have they been dismissed. *Id.* at 56. Furthermore, the circuit court did not certify that there was no just reason for delay pursuant to Rule 74.01(b).

■ At oral argument, the plaintiff contended that because count one of her petition asserts a declaratory-judgment action, the circuit court's July 2008 order resolving count one is appealable. We disagree. A final, appealable judgment disposes of all issues and parties in the case, leaving nothing for future determination. *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Here, Counts II through VII remain pending.[3] Under the circumstances present

---

**2.** All statutory references are to RSMo. (2000) except as otherwise indicated.

**3.** Rule 74.01(b), cited by the plaintiff as a possible solution to the final-judgment conundrum, permits the circuit court to enter judgment on a single claim in a case with multiple claims and to certify its judgment as appealable upon the express determination that no

just reason for delay exists. *Columbia*, 200 S.W.3d at 549. However, even where the circuit court certifies its ruling pursuant to Rule 74.01(b), the court's decision must dispose of one claim. *Id.* at 550. Declaratory judgment provides but one of several remedies, and is not a substantive claim. *Id.* A judgment that does not resolve all the legal

here, we have no jurisdiction under section 512.020 RSMo. (Supp.2008) because we have no final judgment.

■ Likewise, we have no jurisdiction under section 435.440.1, which provides that an appeal may be taken from certain enumerated orders and judgments involving arbitration proceedings. An order compelling arbitration is not among the enumerated appealable orders, and Missouri courts have repeatedly held that these orders are not appealable. Section 435.440.1; *Nat'l Mgmt.*, 271 S.W.3d at 56; *Deiab v. Shaw*, 138 S.W.3d 741, 743 (Mo. App. E.D.2003). The plaintiff relies on *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853 (Mo. banc 2006), to argue that unilateral selection of NAF by a party in a position of bias, here the defendant, is unconscionable, and thus we have authority to hold that arbitration should not be compelled with NAF. In *Vincent v. Schneider*, however, the plaintiffs sought a writ of mandamus directing the trial court to deny the defendant's motion to compel arbitration. 194 S.W.3d at 855. Unlike our case, the plaintiffs in *Vincent* did not directly appeal an order compelling arbitration. We cannot rely on *Vincent* as precedent to assume jurisdiction under section 435.440.1.

■ Alternatively, the plaintiff argues that section 435.440.1(6) means the order compelling arbitration is appealable. This argument also fails. Section 435.440.1(6) allows an appeal from a "judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470."

If section 435.440.1(6) means what the plaintiff argues, then enumeration of all of the specific orders listed in paragraphs (1) through (5) of section 435.440.1 would be superfluous if any and all court orders pertaining to arbitration proceedings could be appealed. When engaging in statutory construction, we should not interpret statutes so as to render some of their phrases to be mere surplusage. *Crack Team USA, Inc. v. Am. Arbitration Ass'n*, 128 S.W.3d 580, 581 (Mo.App. E.D.2004). We must presume that the legislature included every word of a statute for a purpose, and that every word has meaning. *Id.* at 581–82. Section 435.440.1(6) simply means that a party aggrieved by an arbitration award may appeal a circuit court's order entering judgment on the award. *Korte Constr. Co. v. Deaconess Manor Ass'n*, 927 S.W.2d 395, 405 n. 1 (Mo.App. E.D.1996).

■ The third obstacle to our review of the plaintiff's appeal is that the arbitration order is denominated an "order," rather than a "judgment" or "decree." Rule 74.01(a) states that a judgment includes a decree and "any order from which an appeal lies." A judgment is rendered under Rule 74.01(a) when a writing is signed by a judge and denominated a "judgment." The Missouri Supreme Court has held that Rule 74.01(a) applies to the appealable orders listed in section 512.020 RSMo. (Supp. 2008). *Spiece v. Garland*, 197 S.W.3d 594, 595–96 (Mo. banc 2006). "[T]here can be no order from which an appeal lies unless the decree or order is entered and denominated a 'judgment.'" *Id.* at 595. The Supreme Court's reasoning applies equally to the appealable orders listed in section 435.440.[4] For all these reasons, we con-

---

issues as to any single claim is not final, even where the circuit court makes a Rule 74.01(b) designation. *Id.* And a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment, even with a Rule 74.01(b) designation. *Id.*

4. The Western District has held that section 435.440.1 is a "special statute" that takes precedence over the requirements of Rule 74.01(a). *Jackson County v. McClain Enterprises, Inc.*, 190 S.W.3d 633, 638 (Mo.App. W.D.2006). However, the Western District decided this case before the Missouri Supreme Court decision in *Spiece*. See also *Arrowhead Contracting, Inc. v. M.H. Washing-*

clude that the July 2008 order is not an appealable judgment.

### The defendant's appeal

 The defendant claims the trial court lacked statutory authority to stay arbitration via its August 2008 judgment.[5] The defendant points to section 435.355, which provides for a stay of arbitration upon a showing that there is no agreement to arbitrate, and contends that no other ground for a stay exists.

Section 435.440.1 enumerates the orders that may be appealed and includes "(2) An order granting an application to stay arbitration made under subsection 2 of section 435.355[.]" Section 435.355.2 in turn provides in relevant part, "On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." But here the trial court's July 2008 order expressly found a valid agreement to arbitrate did exist. Consequently, the order staying arbitration does not qualify as one entered "on a showing that there is no agreement to arbitrate" pursuant to section 435.355.2, and does not qualify as an order from which an appeal may be taken pursuant to section 435.440.1(2).

Further, the circuit court's judgment granted a stay of arbitration "until such time as there is a final resolution regarding the validity of the [NAF–as-arbitrator] clause." When the court granted the stay, the plaintiff had already filed her appeal of the court's order compelling arbitration with NAF. We interpret the circuit court's August 2008 judgment as a temporary stay pending resolution of the NAF issue on appeal, rather than an ap-

pealable order entered pursuant to section 435.355.2. We reject the defendant's suggestion that a circuit court can only grant a stay pursuant to section 435.355.2 when a party contests the existence of an arbitration agreement. We conclude that we have no appealable judgment staying arbitration and that the stay is merely temporary pending resolution of the plaintiff's appeal.

### Conclusion

Because we conclude that neither the order compelling arbitration with NAF nor the judgment staying arbitration pending resolution of the NAF–as-arbitrator issue is appealable, we dismiss both the plaintiff's appeal and the defendant's appeal.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

---

ton, LLC, 243 S.W.3d 532, 535 n. 2 (Mo.App. W.D.2008), which, following *Jackson County*, notes that an order declining to compel arbitration is appealable pursuant to 9 U.S.C. § 16(a)(1)(B) and section 435.440.1 although such an order is not appealable pursuant to section 512.020. Decided after the Supreme

Court's *Spiece* decision, *Arrowhead* ignores *Spiece*'s analysis. We have found no Eastern District opinion directly on point.

5. The trial court did denominate the August 2008 decision a judgment.