Lavern **ROBINSON**, Respondent,

v.

**TITLE LENDERS, INC., d/b/a Missouri Payday Loan, Appellant.**

No. ED 92913.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 2010.

Jane E. Dueker, Cicely I. Lubben, Claudia Callaway, St. Louis, MO, for appellant.

John G. Simon, Erich Vieth, John Campbell, St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Title Lenders, Inc., d/b/a Missouri Payday Loan (Title Lenders) appeals from the trial court's order granting Title Lenders's Motion to Stay and Compel Arbitration and striking certain language contained in an arbitration clause prohibiting class arbitration or participation in a class action. We dismiss the appeal.

*Factual and Procedural Background*

Lavern Robinson (Robinson) filed a proposed class action alleging that Title Lenders violated Missouri law in making certain unsecured loans under five hundred dollars ("payday loans") to Robinson and others. The loan contracts signed by Robinson and the proposed class members each contain an arbitration clause that specifically prohibits class actions (the Arbitration Clause):

> By agreeing to arbitrate any dispute, neither you nor we will have the right to

litigate that dispute in court, or to have a jury trial on that dispute, or engage in discovery proceeding except as provided for above or in the arbitration rules. Further, you will not have the right to participate as a representative or member of any class pertaining to any dispute subject to arbitration. The arbitrator's decision will be final and binding, except to the extent it is subject to review in accordance with applicable law governing arbitration awards. Other rights that you or we would have in court may also not be available in arbitration.

Robinson's petition contained seven counts: Count I—Declaratory Relief—Arbitration Clause Unconscionable; Count II—Missouri Merchandising Practices Act; Count III—Per Se Violation of the Missouri Merchandising Practices Act; Count IV—Violation of Mo.Rev.Stat. 408.500.6 [1] (excessive renewals); Count V—Violation of Mo.Rev.Stat. 408.500.6 (failure to reduce debt by 5%); Count VI—Violation of Mo. Rev.Stat. 408.500.7 (failure to consider borrower's ability to repay); and Count VII—Violation of Mo.Rev.Stat. 408.505.3 (exceeded 75% interest cap).

In its Motion to Stay and Compel Arbitration, Title Lenders sought enforcement of the Arbitration Clause under the Federal Arbitration Act. Both Title Lenders and Robinson sought an order from the trial court ordering the parties to proceed to arbitration with the American Arbitration Association. Additionally, Robinson argued that the class waiver portion of the Arbitration Clause should be stricken as unconscionable and unenforceable in that its prohibition of all class actions resulted in immunization for Title Lenders due to the fact that damages are not significant enough to encourage individual resolution. Robinson also asked the court to declare

---

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

that Title Lenders would pay for the costs of class arbitration. Title Lenders's Motion to Stay and Compel Arbitration was called and heard; thereafter, the trial court instructed the parties to file post-hearing briefs.

Finding the class waiver provision unconscionable and unenforceable, the trial court determined the Arbitration Clause should be enforced without the class waiver provision and struck the language prohibiting class arbitration or participation in a class action. The trial court declined to rule on Robinson's request to order Title Lenders to pay a portion or all of the costs of arbitration, stating that the arbitrator would be best situated to determine that issue. The trial court stayed Robinson's action pending arbitration of the class action claims before the American Arbitration Association. Title Lenders then filed the instant appeal.

### Discussion

In the jurisdictional statement of its brief, Title Lenders asserts:

This Court has jurisdiction pursuant to the Missouri Uniform Arbitration Act, Mo.Rev.Stat. Sections 435.440.1(1) and 435.440.1(6), and the Federal Arbitration Act, 9 U.S.C. Section 16(a)(1)(B), which provide for an appeal from an order **denying an application to compel arbitration. In a final Order dated March 13, 2009, the trial court denied Appellant's Motion to Dismiss Claims and Compel Arbitration,** which sought to compel individual arbitration, as required by the parties' contracts. (emphasis ours)

Initially, we note Title Lenders's characterization of the trial court's order as a "denial" is incorrect. The March 13, 2009 Order, as previously noted, actually *granted* Title Lenders's Motion to Compel Arbitration. At the outset then, we must determine our own jurisdiction of this appeal. *Comm. for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994).

First, we do not have jurisdiction pursuant to Section 435.440.[2] The trial court's March 13, 2009 order stayed Robinson's action and compelled the parties to arbitrate their claims; an order compelling arbitration is not an appealable judgment. *Nat'l Mgmt. Corp. v. Kaplan,* 271 S.W.3d 55, 56 (Mo.App. E.D.2008); *Deiab v. Shaw,* 138 S.W.3d 741, 743 (Mo.App. E.D.2003).

Second, although an alternate basis for this Court's jurisdiction can exist under Section 512.020, the procedural posture of this case and its attendant circumstances do not establish such here. Under Section 512.020, we have jurisdiction over final judgments that dispose of all parties and claims in a matter and that leave nothing for future determination. Rule 74.01(b)[3]; *Nat'l Mgmt. Corp.,* 271 S.W.3d at 55. However, unless the trial court resolves all issues as to all parties and claims, or disposes of one claim and expressly designates "there is no just reason for delay" under Rule 74.01(b), this Court does not acquire jurisdiction and the appeal must be dismissed. *Id.*

Here, the claims remain pending in the trial court, even though the proceedings have been stayed pending the outcome of arbitration. Accordingly, we do not derive

---

**2.** Section 435.440 allows appeals from: "(1) an order denying an appeal to compel arbitration made under Section 435.355; (2) an order granting an application to stay arbitration made under subsection 2 of section 435.355; (3) an order confirming or denying confirmation of an award; (4) an order modifying or

correcting an award; (5) an order vacating an award without directing a rehearing; or (6) a judgment or decree entered pursuant to the provisions of 435.350 to 435.470."

**3.** All rule references are to Mo. R.Civ. P.2008, unless otherwise indicated.

jurisdiction under Section 512.020 unless there has been a final resolution of one of the claims in Robinson's petition and a certification by the trial court under rule 74.01(b).

Due to this issue, this Court requested that the parties be prepared to address at oral argument whether it had jurisdiction of this appeal. Thereafter, the parties jointly filed a January 12, 2010 Order and Judgment, in which the trial court, at the request of Robinson and Title Lenders, entered a consent judgment determining that "there is no just reason for delay and therefore, pursuant to Rule 74.01(b), re-denominates its 3/13/09 Order as a 'Judgment' so that appeal is proper." Prior to this certification by the trial court that there was "no just reason for delay," there was no final appealable judgment under Section 512.020, because there had been no resolution of any of Plaintiff's claims by the circuit court, nor had any claims been dismissed. *Robinson v. Advance Loans II, L.L.C.*, 290 S.W.3d 751, 754 (Mo.App. E.D.2009).

When questioned about the jurisdictional basis for the appeal, given the trial court's order compelling arbitration, Title Lenders responded that, although the trial court ordered the cause to proceed to arbitration, the court's striking of the arbitration clause's class waiver provision "in effect" denied Title Lender's motion because the order granting arbitration did not enforce the arbitration clause "as written." Although the parties' filing of the January 12, 2009 certification might appear to remedy the jurisdictional issue, this Court's opinion in *Robinson v. Advance Loans II, L.L.C,* addressing this same issue, rejected a similar argument for jurisdiction.

In *Robinson v. Advance Loans II, L.L.C,* this Court noted that Robinson framed her challenge as "an appeal of the circuit court's denial of (or alternatively its failure to rule on) her application for arbi-tration in a different forum." *Robinson,* 290 S.W.3d at 754. Nevertheless, we rejected Robinson's contention that she was appealing a denial of her application for arbitration, pointing out that her true claim was that the court erred in compelling arbitration, and concluded we had no jurisdiction over her appeal under Section 435.440.1. *Id.*

During oral argument in *Robinson v. Advance Loans II, L.L.C,* Robinson contended that because the first count of her petition asserted a declaratory-judgment action, the circuit court's order in that case resolving that count was appealable. *Id.* at 754. In discussing whether we derived jurisdiction under Section 512.020 RSMo. (Supp.2008), we determined that we lacked jurisdiction because claims remained pending in the circuit court, and the circuit court did not certify that there was no just reason for delay pursuant to Rule 74.01(b). *Id.* at 754–55. We further noted that a third obstacle to our review existed in that the arbitration order the Plaintiff appealed was denominated an "order," rather than a "judgment" or "decree." *Id.* at 755.

In a footnote to *Robinson v. Advance Loans II, L.L.C.,* we elaborated on our response to Robinson's final-judgment argument, emphasizing that, even where the circuit court certifies its ruling pursuant to Rule 74.01(b), the decision must dispose of one claim. *Id.* at 754 n. 3. Citing *Columbia Mut. Ins. Co. v. Epstein,* 200 S.W.3d 547 (Mo.App. E.D.2006), we explained that declaratory judgment provides only one of several remedies, and is not a substantive claim. *Robinson,* 290 S.W.3d at 754 n. 3. We further stated, "And a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment, even with a Rule 74.01(b) designation." *Id.*

 For certification pursuant to Rule 74.01(b), a trial court's decision must dispose of one claim. Rule 74.01(b); *Comm. for Educ. Equality.*, 878 S.W.2d at 450. In determining whether a cause presents more than one claim for relief, the inquiry focuses on the number of legal rights asserted in the action. *Id.* "If a complaint seeks to enforce only one legal right, it states a single claim, regardless of the fact that it seeks multiple remedies." *Id.* A claim is considered distinct if it requires proof of different facts and the application of distinguishable law. *Id.*

 The purpose of Rule 74.01(b) is to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues. *Id.* Applying the principles used to determine whether an action presents more than one claim for relief to the case at hand, we hold that the trial court's order granting Title Lenders's Motion to Stay and Compel Arbitration and striking certain language contained in an arbitration clause prohibiting class arbitration or participation in a class action did not dispose of one claim, and thus its certification is ineffective for purposes of making the order a final judgment. *Id.*

Although the trial court determined that the arbitration clause was enforceable after the class action provision was stricken, the trial court's ruling left unresolved the determination of other legal rights raised by the declaratory-relief count, including Robinson's request for a declaration that the cost of arbitration, to the extent it exceeded the costs of court, should be paid in all or part by Title Lenders in accordance with the clause's provision governing arbitration costs. The determination of the parties' other legal rights will be based on the same underlying facts, the same contract, and similar legal issues as presented here. Because remedies are left unresolved regarding each of the claims for relief made before the trial court, the judgment is not final. As the trial court order was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed.

The appeal is dismissed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J. concur.