

# Missouri Court of Appeals

## Southern District

### Division One

LEE HOBBS, and JONESBURG )
UNITED METHODIST CHURCH, )
individually and on behalf of all others )
similarly situated, )
)
           Plaintiffs-Respondents, )    No. SD33529
)    Filed: 10-26-15
v. )
)
TAMKO BUILDING PRODUCTS, INC., )
)
           Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Circuit Judge

**<u>AFFIRMED</u>**

Tamko Building Products, Inc. (Tamko), a manufacturer of roofing shingles, appeals from an order denying its motion to compel arbitration of disputes with plaintiffs Lee Hobbs and the Jonesburg United Methodist Church (referred to individually as Hobbs and Jonesburg and collectively as Plaintiffs), who purchased Tamko's shingles.[1] Tamko contends the trial court erred in denying its motion to compel arbitration because,

---

[1] *See* § 435.440.1(1) RSMo (2000) (authorizing an appeal to be taken from an order denying an application to compel arbitration).

*inter alia*, the parties entered into a valid arbitration agreement which was printed on the outside packaging of the shingle bundles. Because we disagree with Tamko that the parties entered into a valid arbitration agreement, we affirm.

## Standard of Review

The trial court denied Tamko's motion to compel arbitration after considering affidavits filed by the parties and hearing arguments of counsel. *See* Rule 55.28 (authorizing a court to hear the matter on affidavits presented by the respective parties when a motion is based on facts not appearing of record).[2] Whether the trial court should have granted a motion to compel arbitration is a question of law that this Court reviews *de novo*. ***Eaton v. CMH Homes, Inc.***, 461 S.W.3d 426, 431 (Mo. banc 2015). "However, issues relating to the existence of an arbitration agreement are factual and require our deference to the trial court's findings." ***Katz v. Anheuser-Busch, Inc.***, 347 S.W.3d 533, 539 (Mo. App. 2011); ***Baier v. Darden Rests.***, 420 S.W.3d 733, 736 (Mo. App. 2014). "Under Rule 55.28, affidavits may be offered as evidence on motions, but, as in the case of oral evidence, the trial court can believe or disbelieve the statements made in such affidavits." ***Flegel v. Holmes***, 614 S.W.2d 779, 780 (Mo. App. 1981). Here, the trial court made no factual findings. Rule 73.01(c) requires that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Id*.; ***Arizon Structures Worlwide, LLC v. Global Blue Technologies-Cameron, LLC***, --- S.W.3d ----, 2015 WL 5836252, at *3 (Mo. App. E.D.

---

[2] All references to rules are to Missouri Court Rules (2015).

Oct. 6, 2015).[3]  Our summary of the relevant facts has been prepared in accordance with these principles.

## Factual and Procedural Background

Hobbs and Jonesburg purchased Heritage Series Shingles (the shingles) in July 2005 and September 2007, respectively.  At the time of purchase, Plaintiffs were only shown Tamko's representations and marketing materials identifying the shingles as durable, reliable and free from defects for at least 30 years.  According to Tamko, the shingles came with a "Limited Warranty" (the warranty) that was printed, in its entirety, on the outside of the wrapper of every bundle of shingles.  The warranty provided a remedy for damages caused by manufacturing defects and included, *inter alia*, a binding arbitration clause.  Neither Hobbs nor Jonesburg received a copy of the warranty at the time of purchase, nor was either made aware that the warranty included the binding arbitration clause.

In 2013, Hobbs discovered that his shingles were warping, curling and beginning to fail.  After some investigation on the internet, Hobbs located a warranty claim, filled it in by hand and sent it to Tamko.  That same year, Jonesburg also noted leaks in its ceiling related to its shingles' failures.  A Jonesburg representative contacted Tamko by phone and received a warranty claim form, which Jonesburg completed and returned to Tamko. The warranty claim forms did not include the arbitration agreement.  Thereafter, Hobbs received a letter from Tamko denying his claim.  While Jonesburg's claim was not denied

---

[3]  Rule 74.01(a) defines a judgment to include "any order from which an appeal lies." *Id*.  Therefore, the provisions of Rule 73.01(c) apply to the trial court's order in the case at bar.  An order denying a motion to compel arbitration need not be denominated as a judgment, however, in order to be appealable. *See*, *e.g.*, **Nicholson v. Surrey Vacation Resorts, Inc.**, 463 S.W.3d 358, 367 (Mo. App. 2015).

outright, it received an offer of only replacement shingles for a portion of the damaged area, excluding costs of replacement and repair of the damage the original shingles caused.

In April 2014, Plaintiffs filed the underlying class action petition against Tamko in the Circuit Court of Jasper County alleging, on behalf of themselves and all others similarly situated, violations of the Missouri Merchandising Practices Act, negligence, and entitlement to declaratory relief. Tamko responded with a motion to compel arbitration.

Tamko's motion was accompanied by an affidavit from Tamko employee Titia Miller (Miller) stating, in relevant part, that: (1) the warranty, which included an arbitration clause, was contained on every package of the shingles; (2) a true and accurate copy of the warranty was attached to the affidavit; and (3) the warranty also was available in printed form from distributors and on the internet. In response, Plaintiffs each submitted an affidavit. In relevant part, their affidavits state: (1) they did not receive a copy of the warranty at the time of purchase; (2) their respective claims do not arise out of the warranty because they had never received a copy of it; (3) they became aware of the warranty containing the arbitration clause only after making their claims; (4) if they had known the warranty contained an arbitration clause, they would not have purchased Tamko's shingles; and (5) they never agreed to arbitrate any dispute with Tamko.

At the hearing on Tamko's motion, the court heard arguments of counsel. After taking the matter under advisement, the trial court denied Tamko's motion to compel arbitration. This appeal followed.

4

## Discussion and Decision

Tamko presents three points for decision. Point I contends the trial court erred in denying Tamko's motion to compel arbitration because the parties entered into a valid arbitration agreement. Tamko's other two points assume a valid arbitration agreement existed and contend the trial court erred in denying Tamko's motion to compel arbitration because Plaintiffs' claims fall within the scope of the arbitration agreement (Point II), and that the arbitration agreement is not unconscionable (Point III). Because we conclude Tamko's first point is dispositive of this appeal, we need not address Tamko's second and third points.

In Point I, Tamko argues that Plaintiffs accepted the terms of the arbitration provision in the warranty because they: (1) "kept and used the shingles" and/or (2) "invoked their rights under the warranty." Based on their acceptance of the terms, Tamko argues the parties entered into a valid arbitration agreement. Giving deference to the trial court's resolution of the factual issues here, as we must, that argument has no merit.

Plaintiffs argue, and we agree, that they never accepted the terms of the warranty to arbitrate disputes with Tamko. As Plaintiffs point out, they did not accept the arbitration agreement by merely purchasing the shingles. *See **PCS Nitrogen Fertilizer, L.P. v. The Christy Refractories, LLC***, 225 F.3d 974, 980 (8th Cir. 2000) (mere acceptance of and payment for goods does not constitute acceptance of all the terms in the seller's counter-offer and create a contract that included an arbitration agreement). In addition, Plaintiffs never signed any document agreeing to the arbitration clause in the warranty. Plaintiffs further maintain that Tamko did not form a contract with them by

5

simply "wrapping its fine print around packaging the 'ultimate purchaser' will likely never see because it is torn off and discarded." This argument is supported by a number of Missouri appellate decisions affirming a trial court's decision to deny arbitration because there was insufficient evidence of an agreement to arbitrate. *See, e.g.*, **Sharp v. Kansas City Power & Light Co.**, 457 S.W.3d 823, 829 (Mo. App. 2015) (holding that an arbitration agreement had not been formed because, *inter alia*, "consumers had not signed the contracts containing the dispute resolution provision"); **Baier**, 420 S.W.3d at 739-40 (holding that employer and employee did not mutually assent because there was not a signed agreement); **Kunzie v. Jack-In-The-Box, Inc.**, 330 S.W.3d 476, 485-86 (Mo. App. 2010) (reversing order to compel arbitration and remanding case for evidentiary hearing to determine whether employee unequivocally agreed to be bound by arbitration, as employee's continued work was not enough to manifest his intent to be bound by proposed arbitration agreement as new condition of employment); **Arrowhead Contracting**, 243 S.W.3d at 534 (holding that no express written agreement existed to compel parties to arbitrate their claims). We are unpersuaded by Tamko's contrary arguments.

First, Tamko argues that Plaintiffs accepted the terms of the arbitration provision in the warranty because they "kept and used the shingles[.]" The cases upon which Tamko relies, however, are distinguishable from the case at bar. For example, Tamko relies on **Hill v. Gateway 2000, Inc.**, 105 F.3d 1147 (7th Cir. 1997), which held that the arbitration clause located inside the packaging of a computer was enforceable because, by keeping the computer beyond 30 days, the purchasers accepted the vendor's offer, including the arbitration clause. *Id*. at 1149-50. In **Hill**, however, there was no dispute

that the purchasers received the computer documentation, which included the arbitration agreement, and they had the opportunity to reject that condition by returning the computer. *Id*. at 1148. Based upon the facts presented to the trial court, that is not the case here. Unlike computer documentation, the packaging for shingles is not an item typically kept by a consumer after the shingles are unbundled and used. Plaintiffs' affidavits stated unequivocally that they were not aware of the arbitration provision, and they dispute any assertion that they agreed to arbitrate their claims with Tamko. In fact, Plaintiffs dispute that they ever received the warranty that Tamko now wishes to enforce. Plaintiffs also maintain that, had they been aware of the arbitration provision, they would not have purchased the shingles. Plaintiffs' retention and use of the shingles does not prove that they accepted the terms to arbitrate their disputes in this case.[4]

Second, Tamko argues that Plaintiffs accepted the terms of the arbitration provision because they "invoked their claims under the warranty[.]" This argument primarily involves only Hobbs because he searched for information on the internet and, according to Tamko, had the opportunity to view Tamko's website on which the arbitration provision could be found.[5] We are unpersuaded by this argument. Both Hobbs and Jonesburg stated that they became aware of the warranty and its terms only

---

[4] We also find the facts surrounding the purchase of the shingles in this case distinguishable from the purchase of computer software or use of credit cards. *See, e.g.*, *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1452-53 (7th Cir. 1996) (terms in box of software binding after purchaser did not return the product); *Pierce v. Plains Commerce Bank*, 11-01222-CV-W-BP, 2012 WL 5992730, at *1-2 (W.D. Mo. 2012) (arbitration provision provided to consumer in credit card agreement enforceable when consumer used the card).

[5] This argument is based upon Miller's affidavit statement that the arbitration clause was available on Tamko's website. Hobb's claim form, which was attached to Miller's affidavit, does not include the warranty language or any arbitration clause.

*after* they filed their claim with Tamko, and that their underlying action does not arise out of the warranty.[6]  Given the record before us, Tamko has failed in its burden to prove a valid, enforceable agreement to arbitrate Plaintiffs' disputes.  ***Dunn Indus. Group, Inc.***, 112 S.W.3d at 427-28; *see, e.g.*, ***Nelson v. Tamko Bldg. Products, Inc.***, CIV.A. 15-1090-MLB, 2015 WL 3649384, at *2 (D. Kan. 2015) (holding that Tamko failed to submit evidence sufficient to establish an enforceable agreement to arbitrate).   Accordingly, the trial court did not err in denying Tamko's motion to compel arbitration.  Point I is denied. Points II and III are denied as moot.  Therefore, we affirm the trial court's order denying Tamko's motion to compel arbitration.

JEFFREY W. BATES, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCUR

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCUR

---

[6]  For these same reasons, we do not reach Tamko's estoppel argument that "having asserted a claim under [the warranty] that included the arbitration clause, [P]laintiffs cannot now deny that the contract exists." *See, e.g.*, ***Nelson v. Tamko Bldg. Products, Inc.***, CIV.A. 15-1090-MLB, 2015 WL 3649384, at *2 (D. Kan. 2015) (court similarly did not reach issue of estoppel).